**516**

Everett Paul SMITH, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1973.

J. Vincent Aprile, II, Asst. Public Defender, Paul F. Isaacs, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Appellant Everett Paul Smith, Jr. was convicted in the Warren Circuit Court of armed robbery, KRS 433.140 and storehouse breaking, KRS 433.190. Appellant was represented at trial by court-appointed counsel. Judgment was entered on July 23, 1971; and appellant was sentenced to ten years' imprisonment for armed robbery and to three years' imprisonment for storehouse breaking, which sentences were to run consecutively. Appellant's counsel filed notice of appeal on August 4, 1971, which notice was not timely. RCr 12.54. On August 21, 1971, appellant, while incarcerated in the Kentucky Reformatory at LaGrange, filed a motion to vacate the judgment under RCr 11.42, pro se, in the Warren Circuit Court, which motion was overruled without an evidentiary hearing because appellant's conviction was being directly appealed to this court and any question appellant might raise under his RCr 11.42 motion could be answered in the course of his appeal, according to the trial court. On January 28, 1972, this court dismissed appellant's appeal because it was not timely. In December 1972, appellant filed a second motion to vacate the judgment under RCr 11.42, acting pro se. In his second motion appellant urged that his court-appointed counsel's failure to file a timely notice of appeal resulted in the denial of his right to appeal his conviction. On December 13, 1972, the Warren Circuit Court issued an order granting appellant an evidentiary hearing on his motion, which order was subsequently overruled by the Warren Circuit Court on March 5, 1973, because appellant previously had filed a motion to vacate, which previous motion had been overruled. Appellant appeals from the order of Warren Circuit Court overruling his second motion to vacate under RCr 11.42, alleging that he had neither knowledge of, nor reason to know of, his attorney's untimely filing of the notice of appeal, and that as a result his second motion to vacate should not have been overruled without an evidentiary hearing. We agree.

RCr 11.42(3) states,

"The motion shall state all grounds for holding the sentence invalid of which the

movant has knowledge. Final disposition of the motion shall conclude all issues that could *reasonably* have been presented in the same proceeding." [Emphasis added.]

We find that under the circumstances of this case appellant could not reasonably have known at the time his original RCr 11.42 motion was filed that his court-appointed counsel had filed an untimely notice of appeal.

Therefore we order that the Warren Circuit Court grant appellant an evidentiary hearing on his second motion under RCr 11.42.

Judgment is reversed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.